```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
MICHAEL L. SMITH, ET AL.,
                                *
     Plaintiffs
                                *    CIVIL NO.: WDQ-06-2657
v.
                                *
ASTRO MOVING & STORAGE, CO.,
INC., ET AL.,                   *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Michael L. Smith and Cathleen A. Smith, husband and wife, have sued Uriah W. Spence, a tractor trailer driver, Astro Moving & Storage, Co., Inc. ("Astro"), the driver's employer, and Allied Van Lines Inc. ("Allied"), the trailer's owner, for injuries caused by Spence's negligent driving of a tractor trailer that crashed on Interstate 95 in Maryland.

Pending are the Smiths' motions to amend the complaint to add a defendant and to remand the proceeding to the Circuit Court for Baltimore City. For the reasons discussed below the motions will be denied.

I.   Background

At about 3 a.m. on July 28, 2004, Spence allegedly lost control of the tractor trailer he was driving on I-95; the truck came to rest blocking traffic. Mem. Supp. Mot. to Remand at 2

1

("Pl. Mem.").[1]  Michael Smith struck the trailer and shortly thereafter his car was struck from the rear by a vehicle driven by Charles Boyer, the party sought to be added by the Plaintiffs. *Id*.

On December 5, 2005, the Smiths filed suit in the Circuit Court for Baltimore City.  The complaint named Spence, Astro, and Allied as defendants and on April 14, 2006, Allied admitted that it owned the trailer attached to the tractor driven by Spence. Mem. Opp. Mots. at 2 ("Def. Mem.").

On May 25, 2006, Allied answered the Smith's interrogatories (the "May 25 Answers") and Allied contended that the negligent acts or omissions of Boyer caused or contributed to Michael Smith's injuries.  *Id*.

On August 16, 2006, the Smiths filed an Amended Complaint adding Astro Moving & Storage of Florida, Inc. ("Astro of Florida") as a defendant in response to an April 11, 2006 letter from Defendants' counsel stating that the wrong "Astro" company had been served.  *Id*. at 3.

On October 6, 2006, the proceeding was removed to this Court under this Court's diversity jurisdiction, 28 U.S.C. § 1332. Notice of Removal, ¶ 6, 8-9 (Paper No. 1).  On November 2, 2006,

---

[1] The Smiths filed the motion to amend and the motion to remand together, supported by one memorandum; if the motion to amend is granted, the motion to remand for lack of diversity jurisdiction would also be granted.

the Smiths filed their Motion to Amend/Correct their complaint and their Motion to Remand to State Court.

II.  Analysis

The Smiths argue that Boyer should be made a defendant because the May 25 Answers show that the existing defendants contend that Smith's injuries were caused by Boyer's negligence. Pl. Mem. at 2-3.  The Defendants argue that the Smiths seek to add Boyer merely to destroy diversity and defeat the Court's subject matter jurisdiction.  Def. Mem. at 5.  In misdirected response to the Defendants' argument, the Smiths argue that since the Defendants' fail to prove fraudulent joinder their motions should be granted.

A.  Standard of Review

*Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999) outlines the analysis to apply when a plaintiff moves to join a nondiverse defendant *after* removal.  A district court should "carefully scrutinize" an attempt to add a nondiverse defendant after removal to protect "the diverse defendant's interest in keeping the action in federal court."  *Id*. at 463.

The analysis should begin with 28 U.S.C. § 1447(e), which states two options when adding a defendant would destroy subject matter jurisdiction after removal: "the court may [1] deny joinder, or [2] permit joinder and remand the action to the State

3

court."  28 U.S.C. 1447(e); *Mayes*, 198 F.3d at 461-62.

Under section 1447(e), the "decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Id*. In exercising this discretion, the court may consider: 1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," 2) "whether the plaintiff has been dilatory in asking for amendment," 3) "whether the plaintiff will be significantly injured if amendment is not allowed," and 4) "any other factors bearing on the equities." *Id*.

The fraudulent joinder doctrine allows removal even if a nondiverse party is already a defendant in the case. *Id*. at 461. The doctrine permits a district court to retain jurisdiction by dismissing the nondiverse defendants if either: 1) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court;" or 2) "there has been outright fraud in the plaintiff's pleading of the jurisdictional facts." *Id*. at 461, 464.

The doctrine of fraudulent joinder "does not directly apply *after* removal because the district court already possesses jurisdiction." *Id*. at 463 (emphasis added).  Although not directly applicable, fraudulent joinder may be the dispositive factor in the balancing of the equities under section 1447(e). *Id*.  However, the Court is not compelled to apply the doctrine in

4

its "flexible, broad discretionary approach."  *See id*.

B.   Balancing the equities

1.   Intent to defeat federal jurisdiction

The defendants argue that the sequence of events shows that the Smiths seek to add Boyer to destroy diversity.  Def. Mem. at 8.

On May 25, 2006, the Smiths learned that the Defendants contend Boyer caused their injuries.  Mem. Supp. Mot. to Amend Ex. A (May 25 Answers).  On August 16, 2006, nearly 12 weeks later, the Smiths amended their complaint to include the proper name of Defendant Astro of Florida.

On October 6, 2006, this case was removed; on November 2, 2006 plaintiffs moved to amend to add Boyer as a defendant based on the May 25 Answers.  They also sought to remand because Boyer would destroy diversity.  When a "plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding jurisdiction."  *Mayes*, 198 F.3d at 463.  Here, the Smiths acknowledge that there has been no discovery since May 25, 2006.  Reply. Mem. at 6.

Given that the Smiths discovered nothing new about Boyer between removal and their motion to remand, it is clear from the

5

overall sequence of events that the addition of Boyer is sought to destroy federal jurisdiction.

2.   The Smiths' delay in asking for amendment

The Smiths delayed 161 days from the day they received the information that became the basis for their desire to add Boyer (May 25) before they actually moved to amend to include him (Nov. 2).  The delay, the earlier amendment, and neither new discovery nor a justification for the delay suggest that the Smiths have been dilatory in seeking the amendment.

3.   Potential injury to the Smiths if amendment is not allowed

The Smiths argue that: 1) the Defendants will use Boyer to prove that the accident and injuries were caused by Boyer, and 2) Boyer needs to be a defendant for the jury to properly determine those issues.  Pl. Mem. at 3.  The Smiths contend that preventing Boyer from becoming a defendant will allow the existing defendants "to point to the 'missing chair' at trial and attempt to convey to the jury that the sole cause of the accident was Boyer."  *Id*.

Nothing in Maryland negligence law requires Boyer's presence at trial.  Indeed, all parties who may be jointly and severally liable need not be joined in a lawsuit.  *Hartford Acc. and Indem. Co. v. Scarlett Harbor Associates Ltd. Partnership*, 109 Md.App. 217, 267 (1996); *see Anne Arundel Medical Center, Inc. v. Condon*,

102 Md.App. 408, 414 (1994), appeal voluntarily dismissed by petitioner, 339 Md. 641 (1995) ("[a]t common law, an individual injured by the negligence of more than one tortfeasor could proceed against any one for payment of damages recovered"); *see also* Md. Code Ann., Cts. & Jud. Proc. § 3-1403 ("recovery of a judgment . . . against one joint tort-feasor does not discharge the other joint tort-feasor").

Accordingly, the Court finds that the Smiths will not be "significantly injured" by the denial of their motion to amend.

4.   Other factors bearing on the equities

The Smiths reply that the fear that the state court will be prejudiced against a foreign party is allayed when the foreign party is aligned with a defendant from the forum state.  Here, however, Boyer would not be aligned with the foreign defendants-- rather, he would likely contend that the other defendant's negligence caused the injuries.

Although the Smiths correctly point out that fraudulent joinder does not exist, its absence is not dispositive.  That is, the Defendant's failure to assert fraudulent joinder does not require granting the Smiths' motion.

A plaintiff's choice of forum is given considerable weight unless none of the conduct subject to complaint occurred in the forum, and the forum has no connection with the matter in controversy.  *See Cole-Tuve, Inc. v. Am. Machine Tools Corp.*, 342

F.Supp.2d 362, 370 (D. Md. 2004) (in the context of a venue transfer).  The Defendants note that the suit was originally filed in the Circuit Court for Baltimore City but the accident occurred in Baltimore County, the Smiths live in Harford County and the existing Defendants are all from outside Maryland.  Accordingly, Baltimore City's interest in this case is not great.

III. Conclusion

The balance of the equities favors precluding the Smiths from including Boyer.  Accordingly, the motion to amend and the motion to remand will be denied.


| January 8, 2007 | /s/ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |